IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE<br><br>Plaintiff,<br><br>v.<br><br>LUIS AND KARINA ABRECKOV,<br><br>Defendants.<br>_____/ | No. C 09-05646 WHA<br><br>**ORDER TO REMAND** |

## INTRODUCTION

On December 1, 2009, defendants Luis and Karina Abreckov removed this action for unlawful detainer from Alameda County Superior Court. Because this order finds federal subject-matter jurisdiction lacking, the matter is **REMANDED** *sua sponte* to state court.

## STATEMENT

Plaintiff HSBC Bank USA brought a complaint in state court alleging that it had purchased the real property located at 6975 Mansfield Avenue in Dublin but that defendants failed and refused to deliver up possession of the property. Plaintiff asked for damages and injunctive relief awarding it possession of the property. Plaintiff did not allege any federal claims. Defendants were ordered to show cause why this action should not be remanded back to state court for lack of removal jurisdiction.

## ANALYSIS

Although defendants asserted in their notice of removal that "this Court has Original Jurisdiction founded on a claim or right arising under the U.S. Constitution violative of our Civil Rights arising from the same action in a State Court," it is not enough for removal purposes that a federal question may arise during the course of litigation in connection with some defense or counterclaim. "[A] defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis in original; superceded by statute on other grounds).

Defendants have responded to the order to show cause with only vague generalizations and citations to inapplicable opinions. After a boilerplate introduction generally decrying securitization in the mortgage industry, they argue that removal was proper pursuant to the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine states that a federal district court does not have subject matter jurisdiction to hear a direct appeal from the final judgment of a state court. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). Defendants do not explain how it applies to the present matter. The *Rooker-Feldman* doctrine provides no basis for subject matter jurisdiction here.

Defendants also argue (again without further explanation) that removal was proper pursuant to 28 U.S.C. 1443. Removal of a civil action pursuant to Section 1443 is limited to "the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that the petitioner's federal rights will inevitably be denied if the case is not removed." *Greenwood v. Peacock*, 384 U.S. 808, 828 (1966) (internal quotations omitted).

Under Section 1443(1), removal is limited to cases involving a "right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." The Supreme Court has held that removal under Section 1443(1) is limited to actions alleging violations of "specific civil rights stated in terms of racial equality"

*Georgia v. Rachel,* 384 U.S. 780, 792 (1966). Defendants do not allege specific violations of their civil rights in terms of racial equality so removal is improper pursuant to Section 1443(1).

Under Section 1443(2), a defendant may also seek removal of state civil actions for any act of a defendant done "under color of authority derived from any law providing for equal rights." Removal under the "color of authority" clause is available only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under federal law providing for equal civil rights." *Greenwood*, 384 U.S. at 824. Defendants do not allege that they acted under color of authority. Removal of this matter is therefore improper pursuant to Section 1443(2).

## CONCLUSION

Because, defendants have not demonstrated that federal jurisdiction exists, this action is immediately **REMANDED** to the Superior Court for the County of Alameda. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 28, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE